IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL W. FIGUERAS,<br><br>    Plaintiff,<br>            v.<br><br>MUNICIPALITY OF SAN JUAN, ET AL.,<br><br>    Defendants. | Civil No. 13-1008 (SEC) |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff's motion for leave to file a second amended complaint, Docket # 105, Defendants oppositions thereto, Dockets ## 110 and 111, and the Plaintiff's tendered reply. Docket # 112. After reviewing the filings and applicable law, Plaintiff's motion for leave to file a second amended complaint is **DENIED**.

**Factual & Procedural Background**

On January 3, 2015, Angel W. Figueras (Plaintiff) filed this Civil Right's action seeking compensatory and punitive damages against the Municipality of San Juan, the Commissioner of the Municipal Police in his official capacity, and five other current and former municipal police officers. See Docket #1. Specifically, the complaint states that several officers violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution, by holding and arresting Plaintiff without probable cause. Id. The complaint was later amended to substitute the former Commissioner of the San Juan Police Department for the current Commissioner, Guillermo Calixto-Rodríguez (Calixto-Rodríguez). See Docket #10. On May 21, 2014, after all the co-defendants appeared to the case, the Court issued a Case Management Order setting several deadlines. Docket # 74. Among others, the order set the deadline to amend pleadings and add parties for June 20, 2014, and the

conclusion of discovery for November 18, 2014. Upon the parties' request, the Court extended the discovery deadline several times. Ultimately, the discovery due date was set for May 15, 2015. See Docket #98. On May 9, 2015, more than two years after the filing of this action and six days before the conclusion of discovery, Plaintiff filed a motion for leave to file a second amended complaint under Fed. R. Civ. P. 15(a)(2). See Docket #105. The Municipality timely opposed Plaintiff's motion arguing that Plaintiff lacked any reasonable justification to make such a belated request, that the new allegations should have been included in their original complaint, and that the proposed amendment would cause undue prejudice to Defendants. See Docket # 110. The other codefendants filed a motion adopting the Municipality's opposition by reference pursuant Fed. R. Civ. P. 10(c).  For the reasons discussed below, Plaintiff's motion for leave to file a second amended complaint is **DENIED**.

**Standard of Review**

Plaintiff invokes the liberal amendment policy underlying Fed. R. Civ. P. 15(a) in support of their request for leave to amend. See Docket # 105, ¶3. Rule 15(a) provides that "[a] party may amend its pleading once as a matter of course… In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. However, Plaintiff relies on the wrong rule.

Since the Court entered a scheduling order with a deadline to amend the pleadings, Docket #74, "[t]he standard applicable here is not the 'freely given' Rule 15(a) standard but the more stringent 'good cause' standard under Fed. R. Civ. P. 16(b)." O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004) (collecting cases); Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008) ("[R]ule 16(b) establishes a different standard when a motion to amend comes late in the case."). This makes sense since "[l]iberally granting motions to amend the pleadings – filed after a party has disregarded the scheduling order deadline – would effectively 'nullify the purpose of Rule 16(b)(1).'" Id. at 155 (quoting Riofrio

Anda v. Ralston Purina Co., 959 F.2d 1149, 1155 (1st Cir. 1992)); see also 3-16 Moore's Federal Practice - Civil § 16.13.

It is well-settled law in this circuit that, in contrast to Rule 15(a)'s "'freely given' standard, which focuses mostly on the bad faith of the moving party and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." Id. (citations omitted); see also e.g., Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) ("This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.").

**Discussion**

After more than two years of the filing of the original complaint, Plaintiff seeks a second leave to amend the complaint to: 1) add and detail factual allegations to conform the pleadings to the facts obtained through discovery; 2) bring claims against codefendant Calixto-Rodríguez in his personal capacity; 3) bring 15 additional causes of action; and 4) join new parties as co-defendants to this case. See Docket #105, ¶2.

Plaintiff attempts to justify the belated request to file an amended complaint arguing that the delay is attributable to Defendants. Plaintiff first argues that the case has progressed slowly from the beginning mainly because of the difficulties in serving various codefendants. Plaintiff attributes this delay to the Municipality's refusal to provide the addresses of certain codefendants which in turn delayed their service of process. Docket # 112-1, ¶3. Ultimately, the Court compelled the Municipality to provide Plaintiff the last known address and telephone numbers of several codefendants. See Docket # 34. Notwithstanding, Plaintiff did not demonstrate adequate diligence in his attempt to timely service process on the original codefendants. Other than requesting the Municipality for their contact information, Plaintiff failed to indicate the steps undertaken to locate and serve them with process. See Dockets ## 19, 22, 26, 29, 32 and 33. At best, Plaintiff shares some blame for the delay in the service of process of several codefendants.

Plaintiff also blames the Municipality for its refusal to answer a subpoena served before the Rule 26 meeting. Docket #112-1, ¶3. Federal Rule of Civil Procedure 26 states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P 26(d)(1). The underlying subpoena was served on March 18, 2013, see Docket # 112-1, ¶5, before the Rule 26 meeting held on June 26, 2014. Id. at ¶7. Under the Rule's plain language, the Municipality was well within its right to refuse discovery at that point. Under the same provision, Plaintiff could have requested a court order to conduct early discovery and yet failed to do so.

Plaintiff's strongest argument is the Municipality's delay in producing the information regarding the investigation of the administrative complaint that he filed with the Municipality's Police Department and the disciplinary files of the codefendant officers, in which the tendered amended pleading so heavily relies. See Docket # 112-1, ¶¶ 3-6. Plaintiff first requested the documents through the March 18, 2013 subpoena, but they were ultimately produced on January 8, 2015. However, Plaintiff's argument misses the mark because he fails to demonstrate diligence in moving to amend the complaint or actively seeking long overdue discovery. At this juncture, Plaintiff's blanket allegation that "Defendants knowingly and deliberately delayed discovery by not producing the investigation file until January 8, 2015" will simply not suffice. "[P]laintiff's situation did not call for heroic measures but, rather, for a routine motion to compel. A motion to compel is a standard tool, well within the capability of any reasonably diligent litigant. The Civil Rules furnish litigants with this tool for a reason, and the tool should be employed when—as in this case—its use is appropriate." Rivera Almodovar v. Instituto Socioeconómico Comunitario, Inc. 730 F.3d 23, 27 (1st Cir. 2013) (citations omitted).

Plaintiff's lack of diligence is exemplified by his belated request to join Elín Cáceres (Cáceres) as a codefendant. Long before the Court set the case management

deadlines, Plaintiff knew of at least one unknown defendant – recently identified as Cáceres – that had yet to be identified and served with process. Admittedly, Cáceres was sued as John Doe 2 in the original complaint because Plaintiff "could clearly recollect officer Cáceres actions but not clearly recall to mind his name with requisite legal certainty." Docket #112-1, ¶ 4. However, it is not certainty, but diligence, the appropriate standard to evaluate a motion to amend pleadings filed after the expiration of a court imposed deadline pursuant Fed. R. 16(b).

Plaintiff had to be diligent and take affirmative steps to identify and serve Cáceres in a timely manner. "Due diligence does not mean waiting for answers to fall from the sky[,] it requires reasonable, active efforts to seek answers and clarify doubts." Estate of Alicano Ayala v. Philip Morris, Inc., 263 F. Supp. 2d 311, 316, 317 (D.P.R. 2003); See also Corey Lanuza v. Medic Emergency Specialties, Inc., 229 F. Supp. 2d 92, 99 (D.P.R. 2002). ("summary judgment is proper when a plaintiff fails to specify what reasonable efforts to ascertain the exact identity of the [c]o-[d]efendants were taken").

Certainly, the Court "is not obligated to "wait indefinitely for [the plaintiff] to take steps to identify and serve... unknown defendants.'" Figueroa v. Rivera, 147 F.3d 77, 83 (1st Cir. 1998) quoting Glaros v. Perse, 628 F.2d 679, 685 (1st Cir.1980). In this case, Plaintiff has simply failed to specify what reasonable and timely efforts he took to identify and serve Cáceres during the two years and four months this action has been pending before the Court.

It is also unclear why Plaintiff waited four months to accumulate new defendants. Admittedly, the "accumulation of additional defendants in the amended Complaint… (Elín Cáceres and Sgt. Luis Rivera) is in response to the information revealed in the investigation file produced on January 8, 2015." Docket 112-1, ¶24. However, it was not until May 9, 2015 that Plaintiff requested leave to amend. See Docket # 105. While Plaintiff alleges that the amended complaint is not only based in

the investigative file but also on the depositions, it fails to address specific information obtained through the depositions that was "critical" to the amended pleading.

Plaintiff's request to join the wives of the joined codefendants is also beyond the pale. Not surprisingly, out of the five officers initially joined as co-defendants, Plaintiff has only been able to identify two of the officer's wives while the other three are sued as unnamed defendants. See Docket # 105, ¶¶7-13. A simple interrogatory at the beginning of discovery should have revealed the marital status of all the codefendants and the names of their respective wives. Simply there is no good reason why the Court should allow Plaintiff to bring the wives of the current co-defendants and their respective conjugal partnerships at this stage.

In addition to Plaintiff's inability to demonstrate appropriate diligence, Defendants will certainly suffer undue prejudice if the request is granted. At this point, if the Court were to grant the requested leave, the newly joined defendants would be entitled to conduct discovery which would substantially delay the resolution of the case and force the current defendants to incur in further litigation costs and attorney fees.

Plaintiff also contends that he always contemplated filing an additional complaint based on the information obtained during discovery. See Docket #112-1, ¶4. If that was the case, Plaintiff should have filed a timely objection to the Case Management Order deadlines or requested an extension of time before the June 20, 2014 deadline to amend pleadings and add parties expired. Simply put, Plaintiff's argument does not carry the day, as it runs contrary to Rule 16(b)'s purpose, i.e.,"[a]ssur[ing] that at some point both the parties and the pleadings will be fixed." O'Connell , 357 F.3d at 154. (quoting Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b).

**Conclusion**

Because the plaintiff has been far from diligent in moving to amend, thereby failing to show good cause, Plaintiff's motion for leave to file a second amended complaint is **DENIED**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of August, 2015.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge